IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTWAUN L. CHANDLER,

    Petitioner,                                                CASE NO. 2:10-CV-1150
                                                           JUDGE FROST
    v.                                                     MAGISTRATE JUDGE KING

ROSS CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On December 27, 2011, the Magistrate Judge denied petitioner's request for a stay of this habeas corpus action and recommended that this action be dismissed. *Report and Recommendation,* Doc. No. 18. Petitioner has filed objections to that decision and recommendation. *Objection,* Doc. No. 22. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner was convicted on his plea of guilty to a charge of murder with a firearm specification. He alleges in this action that he was denied the effective assistance of counsel in connection with his guilty plea and that the prosecution violated his rights under the Fifth Amendment in cross examining Petitioner during an evidentiary hearing held in connection with Petitioner's state post conviction proceeding. The Magistrate Judge reasoned that Petitioner's two claims for habeas corpus relief lack merit. In objecting to the *Report and Recommendation*, Petitioner again raises all the same arguments presented to the Magistrate Judge. Petitioner specifically alleges that he pleaded guilty to the charges against him because his attorney falsely advised him that a co-defendant would testify against him and would identify Petitioner as the gunman. Had he known that the co-defendant had not planned to testify against him, Petitioner

argues, he would not have pleaded guilty. Petitioner also complains of inconsistencies in the testimony of his attorney at the two post-conviction hearings held in state court on this claim and he objects to the Magistrate Judge's characterization of the evidence against him as strong. He likewise objects to the Magistrate Judge's reasoning in recommending the dismissal of his claim that he was denied his right against self-incrimination during cross-examination at his post conviction evidentiary hearing.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review of the matter. After careful consideration of the entire record, this Court is not persuaded that Petitioner is entitled to habeas corpus relief. As the Magistrate Judge noted, the factual findings of the state appellate court relating to Petitioner's claims are presumed to be correct, *see* 28 U.S.C. § 2254(e)(1), and Petitioner has offered nothing to rebut that presumption. Moreover, the resolution of the state courts of Petitioner's claims was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Under these circumstances, Petitioner's objections are **OVERRULED**.

The Report and Recommendation, Doc. No. 18, is **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Petitioner has asked that the Court issue a certificate of appealability. Where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529

U.S. 473, 489 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id*. The Court is persuaded that reasonable jurists could debate whether claim one, in which Petitioner asserts the ineffective assistance of counsel in inducing his guilty plea, should have been resolved differently. The Court therefore **GRANTS** Petitioner's request for a certificate of appealability on this claim and certifies the following issue for appeal:

> Was Petitioner denied the effective assistance of counsel in connection with his guilty plea?

The Court is not persuaded that reasonable jurists would debate whether the Court correctly dismissed claim two on the merits. Petitioner's request for a certificate of appealability on that claim is therefore **DENIED.**

Petitioner has also submitted an affidavit of indigency and request to proceed *in forma pauperis* on appeal. *See Exhibit to Objections*. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, see *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal. Upon review of Petitioner's financial affidavit, the Court concludes that he cannot. Petitioner's request for leave to proceed on appeal *in forma pauperis* is therefore **GRANTED.**

                                                 /s/   Gregory L. Frost
                                                 **GREGORY L. FROST**
                                                 **United States District Judge**